GRIFFIN, J.
Bernadette Doyle [“Wife”] appeals a final judgment of dissolution of marriage, as well as orders concerning her efforts to voluntarily dismiss the case prior to the final hearing.
On May 14, 2009, Wife filed a petition for dissolution of marriage and other relief without dependent or minor children, and Husband filed an answer. Over the ensuing months, the parties engaged in vigorous pretrial motions and discovery in preparation for trial.
The trial court entered an order on February 5, 2010, granting Wife’s second motion for continuance, continuing the trial until further notice, and directing the parties to attend a pretrial conference on February 17, 2010. On February 11, 2010, Wife’s attorney filed a motion to withdraw as well as a notice of charging lien. The trial court entered an order on February 15, 2010, relieving Wife’s attorney of further representation and directing that Wife be served directly. At the February 17 conference, Wife moved for another continuance based on her counsel’s withdrawal, but the trial court denied the motion and set the trial for March 5, 2010. Wife thereafter went to the clerk’s office and filed a notice of voluntary dismissal.
Husband learned of the voluntary dismissal on March 1, 2010, and, on the same day, filed a motion entitled “Motion to Vacate Dismissal of Dissolution Action.” In it, Husband asserted that Wife should be denied the right to voluntarily dismiss the action because Husband had sought affirmative relief.[1] He set a hearing for the date of the trial, March 5.
According to the certificates of service, Husband served Wife with notice of the motion by mail and served the notice of the March 5 hearing by fax. Wife contends that she did not get notice of the motion or the notice of hearing, and she did not appear on March 5. According to court minutes, the trial court took up the “Motion to Vacate Dismissal of Dissolution Action,” granted the motion and then conducted the trial.
By March 12, Wife had new counsel and several motions were filed seeking to undo the order vacating the dismissal and the final judgment. The parties and the trial court focused mainly on the question whether Husband’s answer and prayer for affirmative relief were sufficient to overcome the broad right to voluntary dismissal allowed for in Florida Rule of Civil Procedure 1.420(a)(1) and to limit the right of dismissal as set forth in rule 1.420(a)(2). The trial court ultimately decided that they were sufficient to qualify as a counterclaim under the rule, and we agree.
The trial court also found that Wife was “properly noticed” for the hearing, which, based on the certificate of service by facsimile, has evidentiary support,[2] although the trial court did not make a finding that Wife actually received notice, or, if so, when. No finding was made concerning Wife’s receipt of the motion, which, according to the certificate, was mailed on March 1. Indeed, in his brief, Husband asserts that both the motion and notice were mailed to Wife. To add to the *252 confusion, the motion was not docketed as filed until April 28, ostensibly because it had been returned by the Clerk of the Court for some reason. Under the best of circumstances, the most notice Wife could have had of the hearing was four days. Whether it was proper under these circumstances to hear and rule on the motion to vacate the dismissal on March 5, we conclude that it was error to conduct the trial on March 5.
In the post-judgment hearing before the trial judge, there was some discussion of the legal effect of the trial court’s order vacating the dismissal. The trial judge herself questioned whether it had been a mistake to vacate the Wife’s dismissal and what was the effect of that decision. Counsel for Husband argued to the trial court that the motion and order had no effect on Wife’s dismissal — that the dismissal that they were vacating was the “clerk’s” dismissal only,[3] so there was no impediment to the trial court trying the case right then. When the trial court asked whether the trial would have any preclusive effect on Wife’s claims, however, Husband’s counsel asserted that it would.
Although the trial court may have been frustrated with Wife for attempting to maneuver around the court’s denial of a continuance, it was error to go forward with the trial on March 5. Contrary to Husband’s counsel’s argument, the motion asked to have the voluntary dismissal vacated and the case reinstated for trial. The only dismissal referenced in the motion is the Wife’s. Vacating the Wife’s dismissal would necessarily have the effect of reinstating the entire case, not just Husband’s claims. The trial court should have rendered its order vacating dismissal with notice to Wife and rescheduled the case for trial of both parties’ claims. Given the unresolved issues of no notice, or late notice, to Wife, conducting the trial immediately after vacating the dismissal only served to deprive Wife of due process and multiply judicial labor.
REVERSED and REMANDED.
SAWAYA and MONACO, JJ„ concur.

. The sum total of Husband’s affirmative relief appears in the "wherefore” clause of his answer:
WHEREFORE, Respondent/Husband requests that the court enter an order dissolving the marriage, equitably distributing the parties' assets and liabilities, denying Wife’s alimony requests, restraining the Wife from harassing the Husband, awarding Husband attorney's fees if necessary and such further relief as deemed necessary and proper.

. In her briefs, Wife insists that the notice of hearing was mailed, not faxed.

. The docket does not show any dismissal by the clerk.